UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Lamar Pitts,

                Plaintiff,        Case No. 25-11369

v.                               Judith E. Levy
                                       United States District Judge

Aven Financial, Inc.,

                                     Mag. Judge Anthony P. Patti

                Defendant.

_____/

**OPINION AND ORDER REMANDING CASE TO THE THIRD
JUDICIAL DISTRICT COURT IN WAYNE COUNTY, MICHIGAN**

*Pro se* Plaintiff Andrew Lamar Pitts originally brought this action in state court against Defendant Aven Financial, Inc. (*See* ECF No. 1, PageID.1.) On May 12, 2025, Plaintiff filed a notice of removal to federal court. (*Id.*) He states that the Court has original jurisdiction over the action because the claims arise under federal law.[1] (*Id.*) He also filed an application to proceed without prepaying fees or costs. (ECF No. 2.)

---

[1] However, Plaintiff did not file a copy of the complaint as required by 28 U.S.C. § 1446(a).

Because the Court lacks jurisdiction over this action, it remands the case to state court.

Federal courts are courts of limited jurisdiction and have a duty to examine their authority to hear a case before a judgment on the merits may be rendered. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998). Encompassed within this duty is the obligation to dismiss an action *sua sponte* where a court finds that it lacks jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

According to 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The procedure for a removal under Section 1441 is defined in 28 U.S.C. § 1446(a): "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."

But these statutes do not provide a removal mechanism for a plaintiff. *See Cook v. Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001)

(noting with approval, "the district court remanded this proceeding to [state court] pursuant to 28 U.S.C. § 1447(c), on the ground that a plaintiff has no right to remove a civil action from state court to federal district court."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("[O]nly the 'defendant or the defendants' may remove under § 1441(a)."); *Russell v. Caruso,* No. 07-662, 2007 WL 3232126, at *2 (W.D. Mich. Oct. 30, 2007) ("[F]ederal statute does not authorize a plaintiff to remove a state-court civil action.").

Courts in the Sixth Circuit routinely remand cases for lack of subject jurisdiction when the plaintiff attempts to remove a case from state to federal court. *See, e.g., McCane v. McCane*, 47 F. Supp.2d 848, 851 (E.D. Mich. 1999) ("By the plain language of sections 1441 and 1446, it is clear that the privilege of removal extends only to defendants, and not to plaintiffs."); *Lofton v. Affiliated Computer Servs.*, LLC, No. 15-2511, 2016 WL 325157, at *2 (W.D. Tenn. Jan. 27, 2016) (citing *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 854 (6th Cir. 2012)) ("The Court concludes then that Plaintiff's attempt to remove his own claim from state court to federal court is procedurally defective and simply not cognizable under federal law."); *Clark v. Blueprint Invs., LLC,*

3

No. 24-02054, 2025 WL 320680, at *2 (S.D. Ohio Jan. 29, 2025); *Fontain v. Sandhu,* No. 22-124, 2022 WL 3097511, at *1 (S.D. Ohio Aug. 4, 2022*).*

Accordingly, this matter is hereby remanded to the Third Judicial District Court of Wayne County, Michigan.

IT IS SO ORDERED.

Dated: May 19, 2025      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 19, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager